United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ENRIQUE HERNANDEZ,<br>　　　　Plaintiff,<br>　　v.<br>M.E. SPEARMAN,<br>　　　　Defendant. | Case No. 16-cv-00681-JST<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: ECF No. 11 |

Before the Court is Jose Enrique Hernandez's ("Petitioner") Petition for Writ of Habeas Corpus. ECF No. 11. The Court will deny the Petition.

## I. BACKGROUND

Petitioner was convicted on September 10, 2012 of attempting to commit sexual acts with a child 10 years or younger in violation of California Penal Code §§ 288.7 and 664, and 10 counts of lewd and lascivious acts upon a child under 14 in violation of California Penal Code § 288(a). The evidence admitted at trial included statements from four interviews conducted by Detective Xavier Shabazz, an investigator with the Contra Costa County Sheriff's Department. ECF No. 11 at 13, 22. Over the course of these interviews, Petitioner confessed to a substantial number of the illegal acts charged against him. Following Petitioner's conviction, the trial court sentenced him to a prison term of 84 years to life. ECF No. 1 at 6-7. The trial court also ordered petitioner to pay the two victims a total of $1,000,000 – $900,000 to one victim, and $100,000 to the other. Exh. A at 873, 880; Exh. B at 2419-20, 2435-36.

Petitioner filed this petition on February 10, 2016.[1] ECF No. 1. On April 11, 2016

---

[1] The final version with corrected clerical errors was filed on February 11, 2016. ECF No. 3.

Magistrate Judge Donna Ryu issued an order to show cause as to why the petition should not be granted.[2] ECF No. 7. Respondent filed an answer to the order on June 10, 2016, ECF No. 11, and Petitioner filed a traverse on October 7, 2016, ECF No. 18.

Petitioner now seeks habeas relief from this Court on three grounds. First, Petitioner argues his confessions were obtained through improper coercion and admitted into evidence in violation of his Fifth Amendment right against self-incrimination and Fourteenth Amendment right to due process. Petitioner advances four reasons why the Court should conclude his confessions were involuntary and unconstitutional: (1) Detective Shabazz wrongfully appealed to Petitioner's religious beliefs; (2) the detective made improper threats or promises of leniency; (3) the detective wrongfully appealed to Petitioner's fear of losing his daughter; and (4) the totality of the circumstances shows that the confessions were involuntary. ECF No. 3 at 30-35. Second, Petitioner contends the trial court's jury instructions were constitutionally deficient because they allowed the jury to make irrational permissive inferences in violation of due process and lessened the prosecution's burden of proof. ECF No. 3 at 38. Third, Petitioner argues the $1,000,000 victim restitution award was not found by a jury beyond a reasonable doubt and therefore violates the Sixth Amendment. ECF No. 3 at 41.

Respondent argues that Petitioner is not entitled to habeas relief because he has not established that the state court's rejection was contrary to or an unreasonable application of established U.S. Supreme Court precedent. Furthermore, Petitioner's claim regarding victim restitution is not a cognizable theory for habeas relief. ECF No. 11 at 22, 41, 46.

**II.     STANDARD OF REVIEW**

Courts may grant habeas relief only if a state court's ruling on federal constitution claims resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of facts. 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 407-09 (2000). "Contrary to" means that the state court's ruling is "substantially different from the relevant" Supreme Court precedent, or

---

[2] This case was reassigned to the undersigned on May 4, 2016. ECF No. 10.

"confronts a set of facts that are materially indistinguishable" from a Supreme Court decision and "nevertheless arrives at a result different from [Supreme Court] precedent." Williams, 529 U.S. at 405-06. An "unreasonable application" is one where the state court "1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." DeWeaver v. Runnels, 556 F.3d 995, 997 (9th Cir. 2009) (quoting Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002)).

A federal court "must defer to the state court's factual findings unless a defect in the process is so apparent that 'any appellate court . . . would be unreasonable in holding that the state court's factfinding process was adequate.'" Id. (quoting Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir. 2004)). A state court decision is not unreasonable merely because the federal habeas court would have reached a different conclusion. State court decisions are presumed correct unless rebutted by clear and convincing evidence. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The standard for evaluating a state court's ruling is "highly deferential" and the state court must be given the benefit of the doubt, and the Petitioner has the burden of showing that the state court decision is objectively unreasonable. Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011) (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). A prisoner can obtain habeas relief only if he can show the error had a "substantial and injurious effect" on the verdict. Inthavong v. Lamarque, 420 F.3d 1055, 1059 (9th Cir. 2005).

## III. DISCUSSION

The Court addresses Petitioner's three arguments in turn and concludes Petitioner is not entitled to habeas relief.

### A. Petitioner's Confessions

Petitioner argues that his statements to Detective Shabazz were involuntary because the detective's investigative tactics were coercive. ECF No. 3 at 29. "A finding of coercive police activity is a prerequisite to a finding that a confession was involuntary under the federal and state Constitutions." People v. McWhorter, 47 Cal.4th 318, 347 (2009) (quoting People v. Benson, 52 Cal.3d 754, 778 (1990)). A confession is involuntary if obtained by threats or violence, by any

3

direct or implied promises of leniency, or by exertion of improper influence. Id. The Court of Appeal rejected Petitioner's position that his statements were involuntary. See ECF No. 11 at 39, 43-44 (transcribing the Court of Appeal's analysis of the detective's methods). The Court of Appeal's decision was not objectively unreasonable.

That court found that Detective Shabazz's references to petitioner's religious beliefs during the interviews did not render Petitioner's confession involuntary. The court stated that "exploiting a suspect's religious anxieties has been justly condemned," but "appeals to religion are unlikely to be a motivating cause of a defendant's subsequent confession" when "police comments are not calculated to exploit a particular psychological vulnerability" and "no acute religious anxiety or sense of guilt is apparent from prior questioning . . . ." ECF No. 11 at 39 (internal quotation marks and citations omitted). The Court of Appeal reasoned that just because the detective used religion to "build a rapport" with Petitioner does not mean religion was the "proximate cause for the statement." Id.

Petitioner offers neither authority nor record evidence from which this Court can conclude that the Court of Appeal's conclusion was unreasonable. Petitioner compares the detective's appeals to religion with the facts of Brewer v. Williams, 430 U.S. 387 (1997), to support his contention that the detective's tactics were coercive. ECF No. 18-1 at 5. Petitioner's citation to Brewer does not show an unreasonable application of clearly established law, given that the Brewer court declined to address the issue of voluntariness.[3] Brewer, 430 U.S. at 397. And Petitioner does not cite, and the Court has not been able to locate, any other Supreme Court authority that would undermine the California Court of Appeal's conclusion.

Petitioner also offers no citations to the record showing that the state court's factual

---

[3] The Brewer Court ultimately decided the case based on Williams' Sixth Amendment right to have counsel present during every critical stage of the criminal proceedings. Williams, 430 U.S. at 397–98 ("[T]here is no need to review in this case the doctrine of Miranda v. Arizona, a doctrine designed to secure the constitutional privilege against compulsory self-incrimination. . . . For it is clear that the judgment before us must in any event be affirmed upon the ground that Williams was deprived of a different constitutional right[—]the right to the assistance of counsel." (citations omitted)).

findings were unreasonable. The burden was on Petitioner to show that his will "'was overborne' by the circumstances surrounding the giving of [his] confession." Dickerson v. United States, 530 U.S. 428, 434 (2000). In determining whether he met this burden, the Court of Appeal appropriately took into consideration "'the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation.'" Id. (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973)). The first and "most significant consideration" was that Petitioner was not subject to either custodial interrogation or "the attritional impact of a single extended interrogation where the accused is deprived of relief or respite." People v. Hernandez, No. A137500, 2014 WL 3858706, at *7 (Cal. Ct. App. Aug. 6, 2014). Rather, Detective Shabazz conducted "four discrete interviews held over more than three weeks, and each lasting less than 60 minutes. All of those meetings were arranged and held at [Petitioner]'s convenience, in his vehicle, at a public place of his choosing." Id. In addition, "at the first three meetings, [Petitioner] was expressly told that he was not under arrest and was not going to be arrested that day. At the last two meetings he was given Miranda warnings." Id. Thus, the Court of Appeal concluded that the circumstances as a whole were not coercive and were not ones in which Detective Shabazz's references to religion were likely to have an overbearing effect. Id. The Court of Appeal also noted that Petitioner, and not Detective Shabazz, first raised the question of religion. And it found that nothing in the transcript of the Petitioner's interviews showed a nexus between Detective Shabazz's discussion of religion and Petitioner's statements such that the detective's words could be said to be the "motivating cause" of Petitioner's confession. Id. at *8 (citing People v. Linton 56 Cal.4th 1146, 1176 (2013)). Petitioner does not address this analysis, much less show why it was unreasonable, and this Court cannot say the Court of Appeal unreasonably determined the facts.

With respect to the detective's promises of leniency and appeals to Petitioner's fear of losing his daughter, Petitioner has likewise failed to show that the Court of Appeal erred. Detective Shabazz made no specific promise of leniency or any particular outcome. The Court of Appeal noted in a well-supported analysis that the detective frequently reminded Petitioner throughout the interviews that many other actors beyond Detective Shabazz – including courts and

5

juries – would be involved in determining his guilt,[4] and that the detective never promised that Petitioner's confession would result in reunification with his daughter.[5] ECF No. 11-1 at 42-46. Petitioner has not addressed the state court's analysis on these points. See ECF No. 18. Again, Petitioner has failed to meet his burden of showing the state court's ruling was unreasonable.

Petitioner argues that even if the detective's methods in isolation did not render Petitioner's confessions involuntary, the cumulative effect of the methods was coercive. ECF 18-1 at 6 (citing United States v. Guerrero, 847 F.2d 1363, 1366 n.2 (9th Cir. 1988) and United States v. Tingle, 658 F.2d 1332, 1336 (9th Cir. 1981) as support that "coercion usually results from an aggregate of factors"). He contends that the use of fake search warrants, pretending to take Petitioner's DNA, references to false evidence, appeals to Petitioner's religion and his fear of losing his daughter, and false offers of leniency together manipulated Petitioner's response to the detective's questions. Id. The Court cannot say that the Court of Appeal erred in rejecting these contentions. It was not unreasonable for the state court to find, based on the location, duration, and circumstances surrounding the interviews, that the detective's methods were not coercive and did not render Petitioner's confessions involuntary. ECF No. 11-1 at 46. The interviews took place in the Petitioner's truck where he could terminate the encounter at any time, Petitioner was not handcuffed, and each interview lasted less than an hour. Id. at 46-47 (citing the transcript of Contra Costa County Superior Court proceedings, Case No. 5-111365-3). The totality of this evidence supports the state court's conclusion that the detective did not act coercively. Petitioner's bare assertion that the totality of the circumstances had the "effect of manipulating petitioner's response such that petitioner felt compelled to confess," ECF No. 18-1 at 6, is not supported by authority and is insufficient to show that the state court's conclusion was objectively unreasonable or contrary to federal law.

---

[4] "Our review of [the interview transcripts] shows that Shabazz never came close to promising that the aftermath of a confession would be limited to therapy, [or] that there would be no criminal charges." ECF No. 11-1 at 43 (quoting California Court of Appeal Opinion, Case No. A137500).

[5] "Shabazz never expressly stated, or even intimated, that [petitioner]'s confession would automatically result in reunification with his daughter. Quite the contrary, Shabazz was quite clear that it was merely the first step in a long process . . . ." ECF No. 11-1 at 44 (quoting California Court of Appeal Opinion, Case No. A137500).

6

### B. Jury Instructions

Petitioner argues the instructions given to the jury at his trial violated his right to a fair trial because they allowed the jury to make "improper permissive inferences" that diminished the prosecution's burden of proof. ECF No. 3 at 38-41. Petitioner specifically disputes CALCRIM Jury Instruction 371, which states: "If the defendant tried to hide evidence or discourage someone from testifying against him, that conduct may show that he was aware of his guilt. If you conclude that the defendant made such attempt, it is up to you to decide its meaning and importance. However, evidence of such an attempt cannot prove guilt by itself. . . ." ECF No. 3 at 25. Petitioner also disputes CALCRIM Jury Instruction number 362, which states: "If the defendant made a false or misleading statement before this trial relating to the charged crime, knowing the statement was false or intending to mislead, that conduct may show he was aware of his guilt of the crime and you may consider it in determining his guilt. . . ." Id. at 26.

The state court found no constitutional error with instructions 362 and 372, noting that Petitioner "concedes that the substance of the instructions have repeatedly been sustained against constitutional attack by our Supreme Court." ECF No. 11-1 at 50. The court reasoned that because both instructions specified that the inference drawn "may show [Petitioner] was aware of his guilt" but "cannot prove guilt by itself," there was no "reasonable likelihood that the jury understood the instruction in the way asserted by the defendant." Id. at 51 (quoting People v. Cross, 45 Cal.4th 58, 67-68 (2008)) (internal quotation marks omitted). Petitioner has not cited any Supreme Court precedent showing that the state court's reasoning was an unreasonable application of federal law. See EFC No. 3 at 38-41. Nor does his traverse address why the state court's application of law was unreasonable.

The analysis regarding jury instructions which ask jurors to draw inferences regarding the defendant's guilt is "straightforward." Francis v. Franklin, 471 U.S. 307, 313 (1985). First, the court must determine whether the presumption the jury instruction describes is mandatory or merely permissive. Id. at 314. "A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the

jury to draw that conclusion." Id. Although a permissive inference instruction "does not shift the burden of proof, it violates due process 'if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury.'" United States v. Warren, 25 F.3d 890, 897 (9th Cir. 1994) (quoting Francis, 471 U.S. at 314–15).

Petitioner does not dispute that the challenged instructions were supported by sufficient evidence in the record. And the Ninth Circuit has repeatedly rejected challenges to the use of consciousness-of-guilt instructions based on a defendant's false or inconsistent statements. See Turner v. Marshall, 63 F.3d 807, 819–20 (9th Cir. 1995) overruled on other grounds by Tolbert v. Page, 182 F.3d 677, 685 (9th Cir. 1999); United States v. Perkins, 937 F.2d 1397, 1402-03 (9th Cir. 1991); United States v. Boekelman, 594 F.2d 1238, 1240–41 (9th Cir. 1979). Moreover, the federal courts that have considered CALCRIM 362 and 371 have unanimously rejected Petitioner's arguments and found that CALCRIM 362 and 371 do not create impermissible presumptions or shift or reduce the prosecutor's burden of proof. See Jennings v. Santoro, No. EDCV 15-1185-GW (KS), 2016 WL 8608479, at *14 (C.D. Cal. Nov. 23, 2016) (discussing constitutionality of CALCRIM 371, report and recommendation adopted sub nom. Jennings v. Stanoro, No. EDCV 15-1185-GW(KS), 2017 WL 1138122 (C.D. Cal. Mar. 27, 2017); Walton v. Cash, No. LA CV 11-07798-VBF, 2015 WL 1809129, at *12 (C.D. Cal. Apr. 17, 2015); Cardenas v. Swarthout, 2014 WL 6966661, at *10 (N.D. Cal. Dec.5, 2014) (finding that CALCRIM Nos. 371 did not shift or reduce the burden of proof); Robinson v. Hedgpeth, No. CV 12–2084 JVS SS, 2013 WL 6185027, at *22 (C.D. Cal. Nov. 25, 2013) (discussing constitutionality of CALCRIM 371); White v. Knipp, 2013 WL 5375611, at *32–*33 (E.D. Cal. Sept. 24, 2013) (holding that the petitioner had not demonstrated that CALCRIM Nos. 371 rendered his trial fundamentally unfair); Jackson v. Adams, 2011 WL 2020251, at *6–*7 (N.D. Cal. May 24, 2011) (finding no due process violation in the giving of CALCRIM 371); Vasquez v. Davies, No. CV 15-4053 VBF (AFM), 2015 WL 9703802, at *14 (C.D. Cal. Oct. 20, 2015), report and recommendation adopted, No. CV1504053VBFAFM, 2016 WL 183638 (C.D. Cal. Jan. 14, 2016) (denying challenge to CALCRIM 362); Franklin v. Gipson, No. CV 11-5386-R PLA, 2013 WL 2423121, at *10 (C.D. Cal. June 4, 2013) (same); Bennett v. Barnes, No. SA CV 12-644-GAF PLA, 2013 WL 2318399,

at *16 (C.D. Cal. May 26, 2013) (same), aff'd, 598 F. App'x 526 (9th Cir. 2015); Butts v. Cate, No. C11-5758 TEH, 2012 WL 1309184, at *8 (N.D. Cal. Apr. 16, 2012) (same); Eatmon v. Yates, Case No. C09–0079 JSW, 2011 WL 1157288, at *7 (N.D.Cal. Mar.29, 2011) (same).

The Court concludes that Petitioner has not met his burden of demonstrating that the Court of Appeal's conclusion regarding these instructions was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of facts.

### C. Victim Restitution

Petitioner argues that the trial court's victim restitution order for noneconomic losses, which was based on factual findings made by the trial court rather than by a jury beyond a reasonable doubt, violated his Sixth Amendment right to a jury trial. ECF No. 3 at 41. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The state court rejected this argument. It found that "victim restitution orders – whether for economic or noneconomic losses – are simply not comparable to criminal fines. Accordingly, just as there can be no Apprendi violation where the trial court imposes a restitution fine within the range prescribed by statute, there can be no such violation where the court orders victim restitution . . . ." ECF No. 11-1 at 57.

The Court of Appeal's ruling was not erroneous. Habeas relief is intended to release people from custody; challenges to restitution orders are not cognizable habeas claims. United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2000). Moreover, Petitioner does not explain why the state court's decision is unreasonable or contrary to federal law. A federal court may not overturn a state court decision merely because it could have decided a different way in the first instance, but must find that the state court was unreasonable. Wood, 558 U.S. at 301. Thus, even if Petitioner's restitution claim were cognizable, he has failed to meet his burden of showing how the state court's decision is unreasonable.

**D.  Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a).  A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. Id. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

**CONCLUSION**

For the foregoing reasons, the Court denies the petition for writ of habeas corpus AND denies a certificate of appealability.  Petitioner has also failed to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court therefore also denies a certificate of appealability.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

Dated:  June 5, 2017

_____
JON S. TIGAR
United States District Judge